# In the United States Bankruptcy Court
## for the Southern District of Georgia

In the matter of:  )    Chapter 13 Case
Angela White,      )
                   )    Number 16-50433-JSD
       Debtor(s)   )

### CHAPTER 13 PLAN AND MOTION
[General Order 2005-3 Approved Form]

1. Debtor(s) shall pay to the Trustee the sum of $ 340.00 _____ for the applicable commitment period of:

    ☐ 60 months: **or**  
    ☒ a minimum of 36 months. § 1325(b)(4).

    (If applicable include the following): These plan payments change to $ 440.00 monthly on 11/1, 20 16.

2. From the payments so received, the Trustee shall make disbursements as follows:

    (a) The Trustee percentage fee as set by the United States Trustee.

    (b) Attorney fees allowed pursuant to § 507(a)(2) of $ 2,500.00 to be paid in accordance with applicable General Orders of this Court.

    (c) Other § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

    (d) ☐ Monthly payments according to the contract on the following long-term debts. § 1322(b)(5). (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim):

    | CREDITOR | MONTH OF FIRST TRUSTEE PAYMENT | INITIAL MONTHLY PAYMENT |
    |---|---|---|
    |  |  |  |

    **IN THE ALTERNATIVE:**
    ☐ Debtor will make post-petition payments direct to creditor according to the contract on the following long-term debts:

    | CREDITOR | INITIAL MONTHLY PAYMENT |
    |---|---|
    |  |  |

    (e) Fully Secured Allowed Claims and Executory Contracts as set forth below:

    | CREDITOR | COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
    |---|---|---|---|---|
    | Regional Acceptance | 2013 VW Jetta | $9,525.00 | 4.25% | $297.00 |
    | Title Max of Georgia | 1996 Chevrolet Tahoe | $800.00 | 4.25% | $30.00 |

    (f) Undersecured Allowed Claims. Debtor moves to value the collateral partially securing the following claims pursuant to § 506 and provide payment in satisfaction of those claims as set forth below:

    | CREDITOR | COLLATERAL | VALUATION | INTEREST RATE | MONTHLY PAYMENT |
    |---|---|---|---|---|
    | Mayo Clinic Health | Possible FiFa | 0 | 0 | 0 |

(g) Cure payments on allowed prepetition arrearage claims set forth below. § 1322(b)(5):

| CREDITOR | ESTIMATED PREPETITION CLAIM |
|---|---|
| | |

(h) The following unsecured allowed claims are classified to be paid at 100% ☐ with interest at _____ %; ☐ without interest.

(i) Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in ¶ 2(f) or 6, will be paid a _0_ % dividend or a prorata share of $_____, whichever is greater.

3. Debtor will make § 1326(a)(1) pre-confirmation lease and adequate protection payments on allowed claims of the following creditors: ☐ Direct to the Creditor; or ☒ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| Regional Acceptance | $150.00 |
| Title Max of Georgia | $30.00 |

4. Debtor will pay all post-petition domestic support obligations direct to the holder of such claim identified here. § 101(14A). Debtor requests Trustee to provide the statutory notice of § 1302(d) to these claimants.

| CREDITOR | ADDRESS |
|---|---|
| | |

5. Pursuant to 11 U.S.C. § 522(f), debtor moves to avoid the liens of the following creditors, upon confirmation but subject to § 349, with respect to the property described below:

| CREDITOR | PROPERTY |
|---|---|
| Access Loans, First Franklin Financial, InstaLoans | Household goods |
| Sterling Finance | Household goods |

6. The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below:

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| United Consumer Financial | Kirby Vacuum | Allow deficiency |

7. Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by § 1325(a)(5).

8. Other provisions:

Set default interest rate at 4.25% on secured claims paid in Chapter 13.

9. The amount, and secured or unsecured status, of claims disclosed in this Plan are based upon debtor's best estimate and belief. An allowed proof of claim will supercede those estimated claims. Objections to claims may be filed before or after confirmation. Debtor will increase payments in the amount necessary to fund allowed claims as this Plan proposes, after notice from the Trustee and a hearing if necessary, unless a Plan Modification is approved.

Dated __7/11/16__

_____
Debtor

_____
Debtor

*Revised 10/2005*